IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANICE JEFFERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:05-CV-2262-P |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Now before the Court are Plaintiff Janice Jefferson's ("Plaintiff") Objections to the United States Magistrate Judge's Findings, Conclusions, and Recommendations ("Plaintiff's Objections"), filed May 21, 2007.[1] Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this action seeking judicial review of the Social Security Appeals Council's decision to uphold the Administrative Law Judge's ("ALJ"") denial of disability insurance benefits to Plaintiff. The case was referred to the Magistrate Judge for review and recommendation pursuant to 28 U.S.C. § 636. Magistrate Judge Wm. F. Sanderson, Jr. upheld the Appeals Council's decision to deny benefits, and Plaintiff now asserts several objections to the Magistrate Judge's ruling.

---

[1] The Government ("Defendant") did not file a response to Plaintiff's Objections.

I.      **Background**[2]

The instant suit arises from a denial of disability insurance benefits. Plaintiff asserts that she became disabled on March 27, 2003, due to injuries to her left knee and wrist. (Tr. 100.) According to Plaintiff, she suffers from degenerative joint disease of the left knee and carpal tunnel syndrome of the left and right wrists, (Tr. 123), and arthritis, chondromalacia and left peroneal nerve neuropraxia in the left knee. (Tr. 144, 134.)

Plaintiff filed an application for disability benefits on January 14, 2004. The Administrative Law Judge ("ALJ") held a hearing on May 19, 2005. The ALJ denied Plaintiff's request on July 16, 2005, finding that she retained the residual functional capacity ("RFC") to perform a significant range of sedentary work, including the jobs of interviewer, receptionist/information clerk, and office clerk. (Tr. 30-31.) The Appeals Council denied Plaintiff's request for review on September 16, 2005; accordingly, Plaintiff filed an action in this Court on November 17, 2005. On May 11, 2007, Judge Sanderson entered his findings, conclusions, and recommendations. Plaintiff timely filed her objections to the Magistrate Judge's findings on May 21, 2007.

II.     **Legal Standard**

Pursuant to 42 U.S.C. § 405(g), the Court determines whether the ALJ judge's decision is supported by substantial evidence and whether the ALJ applied the proper legal standards. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003). If supported by substantial evidence, the

---

[2] The Magistrate Judge provided a detailed rendition of the undisputed facts of this case in his Findings, Conclusions, and Recommendation. Thus, the Court will provide only a short summary of the pertinent undisputed facts.

Commissioner's findings are conclusive and must be affirmed. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987).

Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. *Smith v. Schweiker*, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendations, and the plaintiff has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court now makes that determination in the context of the basic principles mentioned above.

### III. Plaintiff's Objections

#### 1. Dr. Molnar's Report

Judge Sanderson found that Dr. Molnar's report is entitled to no weight because it is conclusory and unsupported by clinical findings. (*See* Findings, Conclusions, and Recommendation ("Mag.'s Findings") at 7.) Plaintiff claims that it is error to give no weight to this opinion, asserting that Dr. Molnar based his report on: (1) his testing of Plaintiff's hand and thumb; (2) his review of "two inches of [Plaintiff's] medical records; and (3) a physical examination of Plaintiff. (Pl.'s Resp. & Objections ("Pl.'s Resp.") at 2 (citing Tr. 17-18). Additionally, Plaintiff broadly asserts that the ALJ's finding that Plaintiff was not disabled is not based on substantial evidence or consistent with any medical evidence, whether Dr. Molnar's or otherwise. (Pl.'s Resp. at 1-2.)

"The administrative law judge is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). An ALJ may give a treating or other physician's report little or no weight if it is "brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (citing *Greenspan*, 38 F.3d at 237); *see also Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) ("The ALJ as fact-finder has the *sole* responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record.") (emphasis added). The Magistrate Judge found the ALJ's decision to give no weight to Dr. Molnar's opinion supported by substantial evidence because Dr. Molnar gave no details regarding the

nature or extent of the physical examination that led him to his medical conclusions, nor did he attach supporting documentation. The Court agrees. Although the Court may have given the report more weight than the ALJ elected, it cannot say that the ALJ's determination was not supported by substantial evidence because of the conclusory nature of Dr. Molnar's report and the Court's inability to determine whether or not he used acceptable medical techniques in conducting any tests or forming his opinions. (*See* Tr. 16-21.) Under the law, these conditions afford an ALJ the right to give little or no weight to a medical opinion. Thus, the Court finds Judge Sanderson's reasoning sound and OVERRULES Plaintiff's objection to the extent she objects to the weight given Dr. Molnar's report.

Plaintiff also contends that the ALJ's finding is unsupported by *any* medical evidence. Specifically, Plaintiff states: "the ALJ had determined based on her own opinion alone–without reliance on any medical doctor's opinion–that Ms. Jefferson is able to sit for six hours in an 8 hour work day, stand and walk for 2 hours in an 8 hour workday and lift 20 pounds frequently and ten pounds occasionally."[3] (Pl.'s Resp. at 2.) The Court disagrees. First, in discussing Plaintiff's wrist injury, the ALJ cites to: (1) an MRI performed in 2003 that showed only minor cystic changes in the carpal bone, (Tr. at 170); (2) a statement by Plaintiff in September of 2003 that her wrist pain had improved approximately 80-90% since her injury, (Tr. 51); (3) the report made by Dr. Wilcox after Plaintiff's wrist surgery in April of 2004, in which he stated that there were no signs of an acute compression and that it looked as if the medial nerve in Plaintiff's wrist

---

[3] The Court notes that Plaintiff appeared to inadvertently misstate the ALJ's findings in her response. The ALJ found that Plaintiff can lift *ten* pounds frequently and *twenty* pounds occasionally. (*See* Tr. at 31.)

had been successfully decompressed, (Tr. at 134); and (5) the absence of any documentation regarding Plaintiff's wrist injury in a report in March of 2005 that mentioned her knee, but stated her musculoskeletal system was "otherwise unremarkable," (Tr. at 345). (*See* Tr. at 28.) To boot, the magistrate judge pointed to other medical evidence in the record that supports this finding. (*See* Mag.'s Findings at 11-12.) Additionally, before making the determination that Plaintiff can sit for six hours in a work day and stand and walk for two hours in a work day, the ALJ explained Plaintiff's medical history with respect to her knee. (*See* Tr. at 27-28.) Specifically, the ALJ discussed a 2004 report by Dr. Wilcox, (Tr. at 289), two reports by Dr. Buch in January and August of 2004, (Tr. at 269-70, 290), and a 2004 report from her chiropractor, Dr. Koudsi, (Tr. at 291), all of which discussed the condition of and limitations caused by Plaintiff's knee injury, but did not indicate that Plaintiff would be unable to stand or walk at work for up to two hours a day. After reviewing the ALJ's findings and taking this medical evidence into account, the ALJ's conclusion is consistent with the medical evidence the ALJ evaluated and found credible.

Additionally, although the state agency doctor may have limited Plaintiff to lifting no more than ten pounds, (Tr. at 124), the ALJ is not required to accept these findings and, in fact, stated that she did not fully accept the state agency doctors' opinions because the doctors "did not examine the claimant and expressed their opinions before all of the medical evidence was submitted into the record." (Tr. at 29.) In short, the ALJ has the sole responsibility to weigh the evidence and determine a plaintiff's disability status. The Court, in accordance with the Magistrate Judge, finds the ALJ's findings with respect to lifting capacity and the ability to sit,

stand, and walk at work for particular time periods supported by substantial evidence and overules Plaintiff's first objection.

### 2. Listing 1.02

Plaintiff next objects to the Magistrate Judge's interpretation of Listing 1.02, specifically, the definition of the "inability to ambulate effectively." (Pl.'s Rep. at 3.) Plaintiff is correct that one may find the inability to ambulate effectively based on one of the examples provided in the listing (including the inability to walk without using a walker, two crutches, or two canes, the inability to walk a block at a reasonable pace or rough or uneven surfaces, the inability to use public transportation the inability to carry out routine ambulatory activities, such as shopping or banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail). 20 C.F.R. Pt. 404, Subpt. P, App. 1 §1.00(B)(2)(b)(2). Plaintiff also appears to assert that the Magistrate Judge required Plaintiff to prove that she comports with at least one or all of these examples in order to show the inability to ambulate effectively. (*See* Pl.'s Resp. at 3-4.) After reading the Magistrate Judge's findings, the Court determines that Judge Sanderson did not find that Plaintiff failed to show the inability to ambulate effectively because she did not meet with one or all of the specific examples. Rather, the Magistrate Judge found that the ALJ relied on medical evidence in the record to support the finding that Plaintiff can ambulate effectively, based on the documented evidence that Plaintiff could, in fact, walk certain distances. Additionally, Judge Sanderson noted that Plaintiff did not present evidence in support of her allegations that she could not perform daily activities or otherwise ambulate effectively. Based

on this reasoning, the Court does not find that the magistrate incorrectly interpreted Listing 1.02 and overrules Plaintiff's objection.

### 3. Plaintiff's Lifting Capacity

Plaintiff next states that the Magistrate Judge erred in concluding that the record supports a finding that the Plaintiff can lift twenty pounds. Foremost, although the Magistrate Judge noted the evidence supporting the notion that Plaintiff can occasionally lift twenty pounds, he explicitly refrained from making that express finding. (*See* Mag.'s Findings at 11 ("Assuming, *arguendo*, that the ALJ's finding regarding Ms. Jefferson's capability to lift objects on an occasional basis is not supported by substantial evidence . . .).) Rather, the magistrate found the ALJ's finding that Plaintiff can perform sedentary work supported by substantial evidence. (*Id*. at 12.) After identifying the specific evidence the ALJ relied on to make the determination that Plaintiff can perform sedentary work, the magistrate judge concluded that because the ALJ's "ultimate conclusion that Plaintiff was capable of performing sedentary work is supported by substantial evidence and the ALJ identified sedentary jobs available in the economy", Plaintiff had failed to show any prejudice by the erroneous finding of Plaintiff's ability to occasionally lift 20 pounds. (Mag.'s Findings at 12.) The court agrees with the magistrate judge that Plaintiff has not shown she was prejudiced by the ALJ's erroneous finding. Plaintiff's objection is overruled.

### 4. Consideration of a Closed Period

Plaintiff objects to the failure of the ALJ and the magistrate judge to consider the possibility of a closed period of time when Plaintiff was disabled. The magistrate judge addressed this issue by noting that although the ALJ did not specifically address the closed

period issue, the ALJ found that Plaintiff's impairments were not sufficient to prevent her from engaging in substantial gainful activity for a period of at least twelve months. (Mag.'s Findings at 13-14.) Ultimately, the magistrate judge agreed and found that Plaintiff had not satisfied her burden of establishing a disability at any point in time. (Id.) Thus, there would be no need to consider disability for a closed period. The court agrees with the magistrate judge's finding, and Plaintiff's objection is overruled.

### 5. RFC Finding

Plaintiff next objects to the magistrate judge's failure to address her arguments that the ALJ failed to provide a rationale with specific references to evidence in support of her RFC assessment and failed to prove that Plaintiff can perform the work cited by the VE that was inconsistent with the evidence of record. A review of the ALJ's report reveals that the ALJ did provide a rationale with specific references to evidence in support of her RFC assessment and explained her determination of Plaintiff's ability to perform sedentary work as described by the VE with specific references to the evidence in the case as well as the relevant regulations. In her report, the ALJ described the evidence she considered in making her RFC assessment. (Tr. 27-29.) Additionally, the ALJ explained why she was not accepting statements from two doctors that Plaintiff was unable to work as not supported by the evidence as a whole. (Tr. 29-30.) The ALJ accepted these doctors' statements to the extent that "they were intended to mean that the claimant could not return to her previous work." (Tr. 30.) The magistrate judge' report discusses the evidence relied on by the ALJ in arriving at her RFC assessment as well as her determination that Plaintiff was capable of performing sedentary work as described by the VE. (Mag.'s

Findings at 11-12.) The court agrees with the magistrate judge that the ALJ's findings as to RFC and Plaintiff's ability to perform sedentary work are supported by substantial evidence. Plaintiff's objection no. 5 is overruled.

### 6. Plaintiff's Credibility

Lastly, Plaintiff objects to the magistrate judge's failure to address the ALJ's failure to properly assess Plaintiff's credibility. Specifically, Plaintiff complains that the ALJ failed to consider certain factors, such as medical opinions, prior work record, and daily activities, in assessing Plaintiff's credibility. The court finds that the ALJ properly assessed Plaintiff's credibility. As set forth above, the ALJ described the medical evidence she considered in arriving at her findings. (Tr. 27-29.) She also explained why she was not accepting statements from two doctors regarding Plaintiff's inability to perform any work. (Tr. 29.) Finally, the ALJ stated that in determining Plaintiff's RFC she considered "claimant's complaints of pain and other symptoms but finds them inconsistent with the record as a whole and exaggerated." The ALJ then described in some detail her reasons for this determination. (Tr. 29.) Plaintiff's objection no. 6 is overruled.

## IV. Conclusion

After a *de novo* review of the record, the magistrate judge's report, and Plaintiff's objections, the Court overrules Plaintiff's objections and accepts the Findings, Conclusions and Recommendation of the United States Magistrate Judge. Together with this order, the Findings, Conclusions and Recommendation of the magistrate judge are adopted as the findings and conclusions of this court.

**IT IS SO ORDERED.**

Signed this 5th day of September 2007.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　JORGE A. SOLIS
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE